United States District Court
Southern District of Texas
**ENTERED**
December 11, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DOSHEE SWAN TOWERY, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-20-4088 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| *Respondent.* | § | |

## ORDER OF DISMISSAL

State inmate Doshee Swan Towery filed this *pro se* habeas petition[1] challenging his 2007 conviction and 50-year sentence for murder. In support, petitioner re-asserts a claim that he was "constitutionally acquitted" of the murder charges in 2007.

Public federal court records show that petitioner unsuccessfully raised this habeas claim as early as 2009 in *Towery v. Director, TDCJ*, C.A. No. 5:10cv191 (E.D. Tex.), and as recently as March 2020 in *Towery v. Davis*, Appeal No. 20-40078 (5th Cir.). The Fifth Circuit Court of Appeals denied petitioner a certificate of appealability on the claim in 2015. *See Towery v. Stephens*, Appeal No. 14-40275 (5th Cir. 2015). Thus, petitioner's claim has been presented in one or more earlier section 2254 habeas proceedings and must be dismissed. *See* 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas

---

[1] Petitioner filed his petition utilizing a section 2241 habeas form. Because petitioner is in state custody and the petition challenges a state conviction, the Court construes the petition as one brought pursuant to 28 U.S.C. § 2254. *See Hartfield v. Osborn*, 808 F.3d 1066, 1072–73 (5th Cir. 2015).

corpus application under section 2254 that was presented in a prior application shall be dismissed.").

To any extent the instant petition presents new habeas challenges to petitioner's 2007 conviction, the petition constitutes a second or successive habeas petition. Before a second or successive habeas application may be filed in district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner does not state, and public records for the Fifth Circuit Court of Appeals do not show, that petitioner obtained authorization to file this petition. Although petitioner sought leave from the Fifth Circuit in 2016 to file a successive habeas petition, he withdrew the motion prior to obtaining a ruling. *In re: Doshee Towery*, No. 16-41526 (5th Cir.). Consequently, this petition must be dismissed for lack of jurisdiction as to any new habeas claims.

This petition is **DISMISSED WITH PREJUDICE** as to claims presented in petitioner's earlier section 2254 habeas petitions. The petition is **DISMISSED FOR LACK OF JURISDICTION** as to any new habeas claims not presented in petitioner's earlier section 2254 habeas petitions. A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on this the 11th day of December, 2020.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE